[736 NYS2d 412]

In the Matter of JAIME C. RODRIGUEZ (Admitted as JAIME ROD-
RIGUEZ), a Suspended Attorney, Respondent. GRIEVANCE
COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DIS-
TRICTS, Petitioner.

Second Department, January 22, 2002

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated October 10, 2000, which contained two charges of professional misconduct. This was followed by a supplemental petition dated December 12, 2000, which contained five additional charges. Charge Three of the supplemental petition was withdrawn. After a prehearing conference on November 21, 2000, and hearings on December 27, 2000, January 29, February 14, March 9, and April 9, 2001 (the respondent only attended on three days), the Special Referee sustained the six remaining charges.

The petitioner now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has neither cross moved nor submitted any papers in reply to the petitioner's motion.

Charge One of the original petition alleged that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee into his alleged professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On or about February 17, 1998, the respondent was examined under oath at the petitioner's offices regarding numerous complaints of professional misconduct. He was again examined on or about March 20, 2000, regarding additional complaints. At the conclusion of the session, the petitioner directed the respondent to produce certain documents by March 30, 2000. The respondent failed to produce the documents as directed.

The respondent was again examined under oath at the petitioner's offices on or about May 31, 2000. At the conclusion of the session, the petitioner directed him to produce certain bookkeeping records by June 12, 2000. He failed to produce the records as directed.

Charge Two alleged that the respondent failed to produce certain records from his attorney escrow account, pursuant to the petitioner's investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and DR 9-102 (j) (22 NYCRR 1200.46 [j]).

The respondent was required by Code of Professional Responsibility DR 9-102 (d) and (i) (22 NYCRR 1200.46 [d], [i]) to maintain and produce bookkeeping records for his attorney escrow account. He failed to produce such records despite being advised of that failure in the petitioner's order to show cause seeking his immediate suspension.

The supplemental petition contains an additional five charges of professional misconduct.

Charge One of the supplemental petition alleged that the respondent failed to properly safeguard and maintain intact funds that were entrusted to him as fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (a) (22 NYCRR 1200.46 [a]).

On or about August 1, 2000, a check drawn on the respondent's IOLA account in the amount of $13,700 was dishonored due to insufficient funds available in that account. On or about August 14, 2000, a check drawn on that account in the amount of $3,000 was dishonored due to insufficient funds. On or about August 17, 2000, a check drawn on that account in the amount of $10,000 was dishonored due to insufficient funds. On or about September 11, 2000, a check drawn on that account in the amount of $3,000 was dishonored due to insufficient funds. On or about September 22, 2000, two checks drawn on that account in the amounts of $31,447.88 and $42,517.31 were dishonored due to insufficient funds.

Charge Two alleged that the respondent failed to file an affidavit of compliance with the order suspending him from practice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and 22 NYCRR 691.10 (f).

This Court's decision and order of September 29, 2000, immediately suspending the respondent from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), due to his failure to cooperate with the petitioner's investigation, was served upon his attorney on October 5, 2000. Pursuant to 22 NYCRR 691.10 (f), the respondent was required to submit an affidavit of compliance to the Clerk of the Appellate Division within 10

days after the effective date of that order. The respondent failed to do so.

Charge Four alleged that the respondent failed to reregister as an attorney with the Office of Court Administration (hereinafter OCA) in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), 22 NYCRR 118.1 (b), and Judiciary Law § 468-a (2).

As an admitted attorney, the respondent was required to file a registration statement with the OCA, pursuant to Judiciary Law § 468-a (1) and 22 NYCRR 118.1 (b). He was also required to reregister as an attorney with OCA on a biennial basis, pursuant to Judiciary Law § 468-a (2) and 22 NYCRR 118.1 (b). He failed to reregister as required.

Charge Five alleged that the respondent failed to cooperate with the petitioner's legitimate investigation into his alleged professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated September 11, 2000, the petitioner advised the respondent that he was the subject of a *sua sponte* investigation based upon allegations that a check from his IOLA account had been dishonored due to insufficient funds. Although the petitioner directed the respondent to submit a written answer to those allegations within 20 days, the respondent failed to do so.

By separate letter dated September 11, 2000, the petitioner advised the respondent that he was the subject of another *sua sponte* investigation based upon allegations that he failed to reregister as an attorney, as required by Judiciary Law § 468-a (2) and 22 NYCRR 118.1 (b). Although the petitioner directed the respondent to submit an answer within 30 days, he failed to do so.

By letter dated October 24, 2000, the petitioner reminded the respondent's attorney, Andres Runne, of the respondent's obligation to submit written answers to the *sua sponte* investigations. The respondent failed to do so.

By letter dated October 25, 2000, the petitioner advised the respondent that another *sua sponte* investigation had been initiated against him based upon allegations that two checks from his IOLA account had been dishonored due to insufficient funds available in that account. Although the petitioner directed the respondent to submit a written answer to those allegations within 20 days, he failed to do so.

By separate letter dated October 25, 2000, the petitioner advised the respondent that he was the subject of another *sua sponte* investigation based upon allegations that another check from his IOLA account was dishonored because there were insufficient funds available in that account. Although the petitioner directed the respondent to submit an answer to the *sua sponte* investigation within 20 days, he failed to do so.

By letter dated October 30, 2000, the petitioner advised the respondent that another *sua sponte* investigation had been initiated based on allegations that he had, *inter alia,* written a letter on letterhead identifying himself as "Jaime C. Rodriguez, Attorney at Law" despite the fact that the Appellate Division had suspended him from practice. Although the petitioner directed the respondent to submit an answer within 10 days, the respondent failed to do so.

By letter dated November 28, 2000, the petitioner advised the respondent that another *sua sponte* investigation had been initiated against him based upon allegations that two checks from his IOLA account had been dishonored due to insufficient funds available in that account. Although the petitioner directed the respondent to submit a written answer within 20 days, he failed to do so.

Based upon the evidence adduced, the Special Referee properly sustained Charges One and Two of the original petition and Charges One, Two, Four, and Five of the supplemental petition. The motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent testified at the hearing with respect to his participation in a rehabilitation program and the absence of complaints by clients for conversion. Although the respondent has no prior disciplinary history, he is guilty of serious professional misconduct.

Under the totality of circumstances, the respondent is disbarred.

RITTER, ACTING P. J., SANTUCCI, ALTMAN, FLORIO and FEUERSTEIN, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jaime C. Rodriguez, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jaime C. Rodriguez shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Jaime C. Rodriguez is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.